Dear Mr. Donovan:
We are in receipt of your letter of May 26, 1994, in which you request our office to review documents regarding the amendment to the charter for the City of Franklin, and advise your office as to whether the Governor should approve the amendment.
The City of Franklin has presented the following documentation to the Governor's office:
 1. A certified copy of Ordinance No. 1062 of 1994, adopted by the Mayor and Council for the City of Franklin on April 20, 1994 which amends Section 2 of the Charter of the City of Franklin.
 2. An affidavit of publication in the Franklin Banner-Tribune of said ordinance in three issues, April 27th, May 4th and May 11, 1994, of that daily paper.
 3. A certificate from the City Clerk that no protest has been made to the City in regard to the amendment embodied in said ordinance.
LSA-R.S. 33:1181 requires a local governing authority, having a population of two hundred thousand or less, in amending its' charter, to prepare the desired amendments in writing, have them published for three weeks in a newspaper in the municipality, and submit the proposed amendments to the governor, who shall submit them to the Attorney General for his opinion. The law further allows for a protest period of thirty days after publication. The amendment in question provides for the charter of the City of Franklin to provide for the requirement of actual residence and domicile for one (1) year to the qualifications of mayor and council members of the City of Franklin.
Based on the documentation presented by the City of Franklin and our independent research, it is the Attorney General's opinion that the proposed amendment to the charter of the City of Franklin, Ordinance No. 1062 of 1994, is consistent with the constitution and laws of the United States and of this state, and should be approved by the governor at the end of the thirty day protest period, which is June 11, 1994, provided there is no protest to the amendment.
Additionally, we remind the governing authority that any change with respect to elections must be either submitted to the U.S. Department of Justice for "pre-clearance", or a declaratory judgment suit must be filed with the U.S. District Court in the District of Columbia, in accordance with the 1965 Voting Rights Act, 42 U.S.C. § 1973c. If we can be of further assistance in this matter, please advise.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ANGIE ROGERS LaPLACE Assistant Attorney General RPI/ARL/pb/0260s xc: Hon. Sam Jones